EBENEZER SMITH *vs.* BOSTON AND MAINE RAILROAD.

An award upon a submission in the country, not returned into court, nor submitting questions of law to the decision of the court, is conclusive upon the parties, although the arbitrators, "at the request of" one of the parties, annex "a statement of the facts and principles upon which the foregoing award was made," "to be taken as part of said award;" and the court will not examine the questions of law arising upon that statement, especially if the facts are complicated, and the questions of law doubtful.

PETITION for the assessment of damages caused by the location of the respondent's railroad over lands of the petitioner. Answer, that after that location, on the 24th of August 1844, the parties submitted the matter in dispute to the arbitration of John M. Williams, George T. Bigelow and John P. Thorndike, by mutual bonds, containing this stipulation: " The award of such arbitrators, or the major part of them, given in writing under their hands to be final and binding upon the parties to said submission;" and that the arbitrators did lawfully award, judge and determine all the matters so submitted to them, and did publish and make known their award to the parties.

The award recited the submission, and awarded that forty thousand dollars be paid by the respondents to the petitioner "pursuant to the terms and conditions in the bonds aforesaid contained, in full satisfaction and discharge of and for his lands

and damages aforesaid." Below the signatures of the arbitra-tors to the award was a memorandum, likewise signed by them, that " a statement of the facts and principles upon which the fore-going award was made is, at the request of the said Smith, hereto annexed, signed by the said arbitrators, and to be taken as part of said award;" and such a statement was annexed accordingly. The nature of its contents is sufficiently stated in the opinion. The award was not returnable into court, and neither the award nor the annexed statement of facts contained any sub-mission of the questions of law arising upon them to the decis-ion of the court.

At the trial in the superior court of Suffolk at May term 1859, the petitioner contended that the award was void for error in law apparent upon the statement of facts annexed to to it. But *Morton*, J. ruled that the award was a bar to this proceeding. The jury returned a verdict for the respondents, and the petitioner alleged exceptions.

*B. R. Curtis & W. Whiting*, for the petitioner, cited *Boston Water Power Co.* v. *Gray*, 6 Met. 168; *Ward* v. *American Bank*, 7 Met. 489, 490; *Fairchild* v. *Adams*, 11 Cush. 555; *Hay-den* v. *Johnson*, 26 Verm. 768; *Nance* v. *Thompson*, 1 Sneed, 321; *Calvert* v. *Williams*, 9 Gill, 172.

*B. F. Thomas & C. P. Judd*, for the respondents, besides some of the cases cited in the opinion, cited *Gascoyne* v. *Edwards*, 1 Yo. & Jerv. 19; *Crofts* v. *Harris*, Carth. 187; *Goodman* v. *Say-ers*, 2 Jac. & Walk. 259; *Anderson* v. *Fuller*, 4 M. & W. 470; *Wright Cromford Canal*, 1 Ad. & El. N. R. 98; *Barton* v. *Ranson*, 3 M. & W. 322; *Wilson* v. *King*, 2 Cr. & M. 689; *Burchell* v. *Marsh*, 17 How. 344; *Myers* v. *York & Cumberland Railroad*, 2 Curt. C. C. 28; *North Yarmouth* v. *Cumberland*, 6 Greenl. 21; *Smith* v. *Thorndike*, 8 Greenl. 119; *Walker* v. *San-born*, 8 Greenl. 288; *Tyler* v. *Dyer*, 13 Maine, 41; *Deane* v. *Coffin*, 17 Maine, 52; *Cushing* v. *Babcock*, 38 Maine, 452; *Jes-siman* v. *Haverhill & Franconia Iron Manuf. Co.* 1 N. H. 68; *Pickering* v. *Pickering*, 19 N. H. 389; *Ennos* v. *Pratt*, 26 Verm. 630; *Armstrong* v. *Masten*, 11 Johns. 189; *Newland* v. *Doug-lass*, 2 Johns. 62; *Barlow* v. *Todd*, 3 Johns. 367; *Cranston* v.

*Kenny*, 9 Johns. 212; *Brazil* v. *Isham*, 2 Kernan, 9; *Merritt* v. *Merritt*, 11 Ill. 565; *Gordon* v. *Mather*, 3 Jones Eq. 462; *Finley* v. *Finley*, 11 Missouri, 624; Kyd on Awards, 249; Russell on Arb. (3d ed.) 57, 502; 2 Parsons on Con. 215.

DEWEY, J.* The question before us is as to the conclusiveness of an award made by three arbitrators selected by the parties to estimate the damages occasioned by laying out and maintaining a railroad over the land of the petitioner, the submission being by bonds given by the respective parties to abide the award that might be made by said arbitrators, it being recited in the bonds of submission that " the award of such arbitrators, or of the major part of them, given in writing under their hands, to be final and binding upon the parties."

The submission is in the most general form, and of course leaving the arbitrators to decide upon the question submitted to them upon such principles of law or equity as they might adopt as the best adapted to the justice of the case and the rights of the parties; and being an arbitration by bonds, of course the parties did not contemplate its being returnable before any legal tribunal for supervision or acceptance, as would be the case under a rule of reference from the courts.

On the part of the petitioner, it is contended that this award is invalid, as being based upon erroneous legal principles, or, in other words, that the arbitrators erred in matter of law in determining the amount of damages claimed by the petitioner. On the other side, it is said that under the submission and award the rights of the parties are finally settled as to all questions of law or fact involved in the controversy.

No objection is taken to the award as not within the terms of the submission, or that the submission required them to determine all questions that might arise under the claim for damages as to the interest and right of the petitioner in the real estate affected by the laying out and maintaining of the railroad of the respondents.

* BIGELOW, C. J. did not sit in this case. DEWEY, J. sat in this case and those following until otherwise noted. MERRICK, J. did not sit for the rest of the term.

What then are the principles of law applicable to such an award, and how far is it open for revision by a judicial tribunal? Upon this subject, it seems quite sufficient to examine and apply the doctrines held by this court, without attempting to review or reconcile all the various decisions found in the numerous reported cases. It is peculiarly the proper course on the present occasion, inasmuch as the same has so often been the subject of consideration, and so fully presented in the opinions of Chief Justice Parker in *Jones* v. *Boston Mill Corporation,* 6 Pick. 148, and Chief Justice Shaw in *Bigelow* v. *Newell,* 10 Pick. 348, *Boston Water Power Co.* v. *Gray,* 6 Met. 131, *Ward* v. *American Bank,* 7 Met. 486, and *Fairchild* v. *Adams,* 11 Cush. 549.

In the first of the above cases, *Jones* v. *Boston Mill Corporation,* it was announced as a rule of law, that where it manifestly appears by the submission that the parties intended to leave the whole matter, law and fact, to the decision of the arbitrators, the award is conclusive, although they have mistaken the law, unless the award itself refers the point to the consideration of the court.

In the cases above cited will be found fully stated the principle that arbitrators have authority to decide conclusively all questions of law necessary to the decision of the matter submitted to them, unless they are restricted by the terms of the submission, and that their mistakes, in adopting erroneous rules, are not a legal cause for avoiding their award, or, to state the principle in the precise language of the court in *Bigelow* v. *Newell,* 10 Pick. 355, "it is a well settled rule that if parties who select their own judges do authorize them to consider and decide all questions of law arising on the hearing of the subject matter, or in more general terms submit their respective rights depending upon considerations of law and fact, and the referees decide accordingly, such award is conclusive as well of the law as the fact."

The case before us falls fully and directly within the class of cases last above described. It was a submission in general terms of the rights of the parties, depending upon the considera-

tion of questions of law and fact. It was a stronger case for the application of the rule, being a submission by bonds, and the award to take effect from its publication, and not returnable to any court for acceptance thereof.

Under the application of this well settled rule, had the case been strictly confined to the matter stated in the formal award declaring the determination and award of the arbitrators, concerning the matter submitted to them, we suppose there would be no question as to the finality of the same, and that this court would be precluded from the inquiry now sought to be made, namely, whether the arbitrators had decided correctly upon matters of law arising in the investigation of the subject submitted to them. The only possible ground for raising any question as to the conclusiveness of this award is that founded upon the supplemental paper accompanying the award, signed by the arbitrators, and in these words : " A statement of the facts and principles upon which the foregoing award is made is, at the request of the said Smith, hereto annexed, signed by the said arbitrators, and to be taken as a part of said award." The further inquiry is whether this instrument, signed by the arbitrators, brings the case within the class of cases in which the court have revised the doings of the arbitrators, and held the award invalid if found erroneous in its decisions upon matters of law arising in the case.

One of the familiar cases where such supervision is exercised is where the arbitrator by his award refers the question of law to the decision of the court, making his award in the alternative as the court may pronounce the law. This is very intelligible, and adapted to all cases where the arbitrator does not purpose to have his award final, and where the award is returnable to the courts of law. That is not the present case, however.

Another case stated in the authorities upon this subject, and that upon which this award is to be set aside, if at all, is this, " where it is manifest upon the award that the arbitrator intended to decide according to law, but has mistaken the law." This ground has been supposed to open awards where the

report of the arbitrators has presented on its face the full grounds of the making the award for supervision; and many cases may be found of its recognition. This proposition assumes that the error is manifest on the award itself, and, as it seems to us, it must be taken with the qualification that the award so clearly indicates the purpose of the arbitrator to decide by the strict rules of law, that it justifies the judicial mind in supposing that the arbitrator would have made a different award, had he known that the judicial tribunals held a different view of the questions of law arising in the case from those entertained by himself.

In the case before us, it is denied on the part of the respondents that this supplement to the award can properly be taken as a part of the award for this purpose. The award, it is said, was complete and perfect without it. Had a statement precisely like this, so far as regards " the facts and principles upon which the award was made," been delivered to Mr. Smith at his request, to indicate to him the course taken by the arbitrators in coming to their result, such paper would furnish no sufficient ground for revising the award, and setting the same aside for error in law manifest on the award. *Ward* v. *American Bank*, 7 Met. 486. It is not then that the court has the means of knowing that the arbitrators here erred, as would be the fact in the case last supposed; but it is an essential element in the matter, that the arbitrators must have intended to furnish the means and the opportunity for correcting any errors in law they may have made. It is urged, however, that this supplement, thus executed at the request of Mr. Smith, was annexed to the award, and "to be taken as a part of the award," and this gives greater significance to the document, and requires a consideration of the case under that aspect.

Our cases are not without some precedents for this case, taking the view of the supplemental report most favorable for the petitioner as to its being properly before the court with the award. In *Bigelow* v. *Newell*, 10 Pick. 348, where there was a statement by referees of the grounds of their decision, returned to the court to which the award was returnable, the court held

that it did not open the case for revision for errors in matter of law, the submission being general and unrestricted. In *Boston Water Power Co.* v. *Gray*, 6 Met. 131, though the award set forth upon some of the points the course of proceeding and reasons for the award, yet the court declined to open the question of the correctness of the principles upon which the arbitrators had found their award, being satisfied that the parties had submitted all the questions connected with the case to the arbitrators, as final judges. In *Fairchild* v. *Adams*, 11 Cush. 548, a very strong view is taken by the court of the conclusiveness that should attach to an award made by arbitrators acting under a general submission. That was a case of an award made under a rule of court and returnable to the court for its acceptance, and the award set forth fully the views of the referees, and grounds of their decision in matter of law. Although the court thought proper in that case to consider the report, it will be seen that the grounds for it are not the same as in the present case. It is said by the court in that case, that if it is manifest that the referees do not intend to submit the questions of law to the court, but merely to state the facts of the case and the grounds of their decision for the satisfaction of the parties, such a statement would not authorize the court to disturb the award. It was further stated that the only possible ground upon which a claim for a revision of the award can be maintained for errors in law was this, that if the arbitrators state the grounds of their award simply, and without expressing the contrary, it is to be presumed that they do mean to present those grounds to the court. 11 Cush. 555.

It is to be remembered that this presumption, thus spoken of as arising from the arbitrators making a statement to the court, was a presumption authorized to be made in a case not like the one before the court, but the case of an award founded on a submission by a rule of court and returnable to a court to enter judgment on the award. Now there are two considerations against the application of such a rule of presumption in the case at bar. First, the arbitrators say t' _y make this statement " at the request of Mr. Smith." If this was not thus done for

the satisfaction of one of the parties, that he might know upon what ground the award was made, why was it not annexed to the award, without this designation of the occasion for annexing. If it was originally part and parcel of the award, it would be found with it at all events, as well without as with the request of Mr. Smith. It would be a document for the benefit of both parties, and no such specification of one would have been made. In the second place, this presumption is in the present case fully rebutted by the fact that this was a submission *in pais*, making these arbitrators the highest tribunal to act upon the question. The award was not to be returned to any court. The case furnishes no ground for supposing that these arbitrators meant to say, " We think the award is right in point of law, but we submit that question to the court," as was suggested might be the case in *Fairchild* v. *Adams.*

Let us examine the present case by the test proposed by the counsel for the petitioner, as stated in three propositions, which in his view, if established by the evidence, would require the court to set aside this award, namely : 1st. If the arbitrators intended to decide according to law ; 2d. If they have stated the law and the facts in their award, in order that it might appear whether they had executed that intent ; 3d. If it appears that they have not executed that intention.

Now, as to the first, it might be asked, where is the evidence that they intended to decide according to the principles of law rather than equity and substantial justice between the parties ? or where is the evidence that they intended to base their award upon any other legal opinions than their own ?

But however that may be, the second proposition is the one more open to doubt. That proposition affirms that the arbitrators stated the law and facts in their award, that it might appear whether they had executed their intent to decide according to law. Do the facts in the case sustain that position ? Does not the fact that the award was not made returnable to any court for revision or acceptance strongly negative any such inference as is proposed to be made ? To whom was the report of the facts and law to go to for an appellate judgment ?

The award was by the terms of the bonds of submission to be performed at once if the respondents tendered performance on their part, and by the terms of the same bonds, " the award of the arbitrators was to be final, and binding on the parties." The arbitrators undoubtedly intended to give publicity to their reasons for the award they had made, holding themselves responsible as men of intelligence and learning in the matter submitted to them. But there must be something beyond this, to establish the position that they made this supplement to their award in order that it might appear whether they had decided according to law. It must appear that they made the statement for the purpose that their award might be inoperative, if it appeared that they had not decided according to law as held by judicial tribunals. For aught that appears, this board of arbitrators intended to make an award based upon their own views of the law and facts of the case, irrespectively of the law of the books. That they had under this submission a right to do so is unquestionable. The case was one to be determined upon a complicated state of facts and the law to be applied to them. We fail to perceive any indications of a purpose on the part of the arbitrators to state a case for revision or correction in matter of law, if they had erred respecting the same.

It may also be further remarked, that the questions of law in which the arbitrators are now alleged to have erred, if stated most favorably for the petitioners, were questions of such a character that it cannot be said to be a case of gross and plain erroneous mistake of law. Upon questions of law of a doubtful character, and where legal gentlemen might reasonably differ, the court would be slow to set aside an award for mistakes in law, in a case of general submission by bonds to abide the award, and that the same should be final. Kyd on Awards, 351. *Fairchild* v. *Adams,* above cited.

*Exceptions overruled.*